UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD BARBO, et al.                                                    PLAINTIFFS

v.                                             CIVIL ACTION NO. 3:07-CV-14-S

THE KROGER CO., et al.                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court upon the motion of the defendant, Oscar Fussenegger, ("Fussenegger"), to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) due to the plaintiffs' failure to state any claims upon which relief may be granted. For the reasons stated herein, this motion will be partially granted and partially denied.

## BACKGROUND

The plaintiffs in this matter work at the Louisville-Kroger Distribution Center (the "Center") in Jefferson County, Kentucky. On or about November 11, 2006, Plaintiffs discovered a video camera mounted inside the men's restroom at the Center. Plaintiffs contend that Fussenegger, as their manager and director of the Center at the time the surveillance is alleged to have occurred, is liable for any injuries they suffered as a result of the video surveillance.

## ANALYSIS

When a motion to dismiss is made the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). Here, Plaintiffs assert against Fussenegger claims for negligence and gross negligence, premises liability, failure to hire, train, and supervise, intentional infliction of emotional distress, and invasion of privacy. We examine each of these to determine whether Plaintiffs state claims for which the law provides relief.

## I. Negligence and Gross Negligence, Premises Liability, and Failure to Hire, Train, and Supervise

Plaintiffs' claims for negligence and gross negligence, premises liability, and failure to hire, train, and supervise are based on negligence principles. For each of these theories, Plaintiffs seek compensation for their alleged emotional distress. Kentucky, however, generally requires physical contact or physical injury to recover emotional distress damages. *Deutsch v. Shein*, 597 S.W.2d 141, 145-46 (Ky. 1980) (citing *Morgan v. Hightower's Adm'r*, 163 S.W.2d 21, 22 (1942)). Plaintiffs do not complain of any physical contact or injury. Instead, they argue that exceptions exist to the general rule calling for physical contact or physical injury.

In *North East Coal Co. v. Pickelsimer*, 68 S.W.2d 760 (Ky. 1934), Kentucky's highest court states that it has departed from the general rule in two instances: "one of which is an action for breach of a contract to transmit a message where one is deprived of being present at the bedside of a near relative before death or from attending the funeral after death; the other is an action against a common carrier to recover damages for the delay in the shipment of a corpse. The reason for permitting damages for breach of contract in either case is, there can be no physical injury, and unless damages may be recovered for the breach, the party making it or for whom it was made will be without a remedy to protect his contractual and legal rights." *Id.* at 764 (citations omitted).

The case at hand does not fit within either recognized exception. Plaintiffs, however, argue that this court should carve out an exception based on the language in *Pickelsimer* where that court noted that "[t]here are other unrelated exceptions to this recognized rule, such as an action for breach of marriage contract and certain cases of willful wrong affecting the liberty or personal security, character or reputation, or domestic relations of the person injured. In such cases mental suffering is the ordinary, natural, and proximate consequence of th wrong complained of." *Id.* This language, however, comes from *Corpus Juris* and was not cited by *Pickelsimer* for the proposition that *Kentucky* courts had previously carved exceptions for cases of "willful wrong." *See id.*; *Gardner v.*

- 2 -

*Cumberland Telephone Co.*, 268 S.W. 1108 (Ky. App. 1925); 17 C. J. 831. Instead, this language merely recognizes that throughout the body of law on negligent infliction of emotional distress, in *some* cases of "willful wrong" *some* courts have made exceptions to the physical contact or physical injury requirement.

Kentucky, however, has not. It has not made any exceptions beyond the two described above. This is quite possibly because it recognizes the tort of outrage, under which a plaintiff can recover emotional distress damages. *See Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984)). Regardless, without further guidance from Kentucky's courts, we decline to make an exception to Kentucky's well-settled rule requiring physical contact or physical injury to recover emotional distress damages under claims based on negligence. Plaintiffs' claims for negligence and gross negligence, premises liability, and failure to hire, train, and supervise will be dismissed.

## II. Intentional Infliction of Emotional Distress and Invasion of Privacy

As noted above, Kentucky recognizes claims for intentional infliction of emotional distress, also known as the tort of outrage. Under this cause of action, "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress . . . ." Restatement (Second) of Torts § 46 (1965). The elements of proof necessary to sustain such an action include: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there must a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe. *Humana of Kentucky, Inc. v. Seltz*, 796 S.W.2d 1, 2-3 (Ky. 1990) (citing *Craft v. Rice*, 671 S.W.2d 247, 249 (Ky. 1984)).

Kentucky also recognizes claims for  invasion of privacy. *McCall v. Courier-Journal and Louisville Times, Co.*, 623 S.W.2d 882, 887 (Ky. 1981). There are four separate theories under which a person may recover for invasion of privacy: (1) intrusion upon seclusion of another, (2)

appropriation of another's name or likeness, (3) unreasonable publicity given to another's private life, or (4) publicity that unreasonably places another in a false light before the public. *Id.* (citing Restatement (Second) of Torts § 652(B) (1977)). Plaintiffs argue this case as an intrusion upon seclusion, which is defined as follows: (1) an intentional intrusion by the defendant, (2) into a matter which the plaintiff has a right to keep private, (3) by the use of a method which is objectionable to the reasonable person. *Smith v. Bob Smith Chevrolet, Inc.*, 275 F.Supp.2d 808, 822 (W.D. Ky. 2002) (citing Restatement (Second) of Torts § 652(B) (1977) and noting that while no Kentucky court in a published opinion has explained in any detail the elements required to meet intrusion upon seclusion, because Kentucky has adopted the Restatement version of invasion of privacy, Kentucky's highest court would likely adopt the definitions therein).

With regard to the elements of both intentional infliction of emotional distress and intrusion upon seclusion, Fussenegger asserts that "Plaintiffs' Complaint does not contain any facts supporting an allegation that Mr. Fussenegger acted with the intent to inflict emotional distress or to invade Plaintiffs' privacy." Plaintiffs, however, need not plead in detail all the particularities of their claims. *Lillard v. Shelby County Bd. of Education*, 76 F.3d 716, 726 (6th Cir. 1996). They need only provide Fussenegger fair notice of their claims and the grounds upon which those claims rest. *Id.* Although bare legal conclusions are insufficient, inferential allegations of material elements are acceptable. *Id.*

First, Fussenegger misinterprets the requirement of intent. Intentional infliction of emotional distress and intrusion upon seclusion do not require Fussenegger to have intended to inflict emotional distress or invade Plaintiffs' privacy. They only require Fussenegger to have intentionally engaged in the conduct that led to Plaintiffs' emotional distress or invasion of privacy. Second, Plaintiffs' Complaint provides Fussenegger with fair notice of these elements and the grounds upon which their claims rest. In their Complaint, Plaintiffs state that Fussenegger was their manager and director of the Center when a video camera was discovered mounted in the men's restroom. From

- 4 -

this statement one can infer that Fussenegger's alleged involvement in the video surveillance was intentional.

Moreover, Fussenegger's argument that the Kentucky Workers' Compensation Act preempts Plaintiffs' remedies is premature at this stage of litigation. As Plaintiffs correctly argue, the immunity afforded by the "fellow servant" doctrine codified in the Kentucky Workers' Compensation Act does not apply to Fussenegger if his "actions are so far removed from those which would ordinarily be anticipated by the employer that it can be said that the employee causing the injury has removed himself from the course of his employment or that the injury did not arise out of employment." *Kearns v. Brown*, 627 S.W.2d 589, 591 (Ky. App. 1982). Because no discovery has been conducted in this case, it is impossible to know the extent to which Fussenegger's conduct was authorized or anticipated by The Kroger Co.

As such, Plaintiffs' claims for intentional infliction of emotional distress and intrusion upon seclusion will remain. However, as explained above, Plaintiffs' claims for negligence and gross negligence, premises liability, and failure to hire, train, and supervise must be dismissed. A separate order will be entered in accordance with this opinion.