UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD BARBO, et al.                                                                               PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:07-CV-14-S

THE KROGER CO., et al.                                                                          DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court upon the motion of the defendant, Zenith Logistics, Inc. ("Zenith"), for summary judgment.

### BACKGROUND

The plaintiffs in this matter work in the Louisville-Kroger Distribution Center (the "Center") in Jefferson County, Kentucky. Plaintiffs allege that Zenith owns the operations at the Center and as such are liable for injury suffered by Plaintiffs as a result of a men's restroom in the Center having been monitored by video surveillance. This alleged surveillance was discovered on or about November 11, 2006, and is alleged to have occurred prior to and on that date. Plaintiffs assert claims for negligence and gross negligence, premises liability, failure to hire, train, and supervise, intentional infliction of emotional distress, and invasion of privacy.

Zenith, however, denies ownership of the building in which the Center operates and contends that it entered into an operating agreement with The Kroger Co. on October 5, 2006, whereby Zenith was to *manage* the Center, effective November 5, 2006. However, Zenith asserts it did not assume control of the Center until February 22, 2007, past the date(s) when the alleged surveillance occurred, and now moves for summary judgment on the basis that without ownership or control it is cannot be liable.

- 2 -

## ANALYSIS

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153-61, S. Ct. 1598, 1606-10, 16 L.Ed.2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

In support of its Motion, Zenith submits the affidavit of its Chief Financial Officer, James Stadmiller. In his affidavit Stadmiller states that "[t]he Distribution Center is not owned by Zenith Logistics, Inc. The building is owned by Kroger Limited Partnership I and was being operated by Kroger Limited Partnership I on November 11, 2006." Stadmiller further testifies that in October 2006 Zenith entered into a contract to manage the Center starting November 5, 2006, but that it did not assume control of the Center until February 2007. His affidavit also states that Defendant Oscar Fussenger "nor any other managers at the Distribution Center were employees of Zenith Logistics, Inc. on November 11, 2006."

In Response, Plaintiffs submit several newspaper articles dated October 11 and 12, 2006. Two of these articles, one from *Business First* and another from the *Cincinnati Business Courier* report that The Kroger Co. "has sold the assets and operations of its Kentucky Distribution Center . . .", and that Zenith "will own and operate the warehouse." A third reports that Zenith "will lease the 776,000-square-foot warehouse from Kroger . . . ." All three articles report that Zenith will be employing workers at the Center. Zenith's Reply is that these articles are inadmissible hearsay, and that we should take judicial notice of the fact that newspaper articles often report inaccurate facts.

A newspaper article is considered hearsay, and the general rule is that it is not admissible to prove the facts stated therein. 55 A.L.R. 663 § 3; Fed. R. Evid. 802. Certain statements constituting hearsay are admitted under the exceptions enumerated in Rules 803 and 804; however, none of those exceptions apply here. Thus, the articles constitute inadmissible hearsay and cannot create a genuine issue of material fact for trial. *Turner v. City of Taylor*, 412 F.3d 629, 625 (6th Cir. 2005).

As such, Zenith is entitled to summary judgment. Ownership of the property on and in which the Center sits and operates is immaterial. But, without control over the Center's operations or its employees until after the date in question, Zenith cannot be held liable for any injury caused by the remaining defendants.

A separate order in accordance with this opinion will be entered.