UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD BARBO, et al.                                                                                   PLAINTIFFS

v.                                                                                   CIVIL ACTION NO. 3:07-CV-14

THE KROGER CO., et al.                                                                                  DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of The Kroger Co., Kroger Limited Partnership I, and Oscar Fussenegger (collectively, the "Kroger Defendants"), for summary judgment.

### BACKGROUND

The plaintiffs in this action work in the Louisville-Kroger Distribution Center (the "Center") in Jefferson County, Kentucky and have brought suit against the Kroger Defendants, Zenith Logistics, Inc., and AVC Security, Inc., for injury suffered from the monitoring of a men's restroom in the Center by video camera. This alleged surveillance was discovered on or about November 11, 2006, and is alleged to have occurred prior to and on that date. Plaintiffs assert claims for negligence and gross negligence; premises liability; failure to hire, train, and supervise; invasion of privacy; and intentional infliction of emotional distress. The Kroger Defendants have now moved for summary judgment as to certain of Plaintiffs' claims.[1]

---

[1] Kroger Limited Partnership I was not originally named as a defendant in Case No. 3:07-CV-14. The original defendants in this action, which was removed to this court on January 16, 2007, were The Kroger Co., Oscar Fussenegger, and Zenith Logistics, Inc. Twenty-one plaintiffs filed suit against these defendants in this action.

These same twenty-one plaintiffs, along with over 100 additional plaintiffs, later filed an action against Kroger Limited Partnership I, and AVC Security, Inc. asserting claims against these new defendants that were identical to those asserted against the defendants in Case No. 3:07-CV-14. This subsequently filed action was removed to this court on November 30, 2007, and styled as Case No. 3:07-CV-663. In addition to asserting claims against Kroger Limited Partnership I and AVC Security, Inc. in this subsequently filed action, the additional plaintiffs also asserted claims against The Kroger Co., Oscar Fussenegger, and Zenith Logistics, Inc.

(continued...)

- 2 -

**DISCUSSION**

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

**Invasion of Privacy and Intentional Infliction of Emotional Distress Claims**

During their employment at the Center, 141 of the 142 plaintiffs were members of the Teamsters Union (the "Union Plaintiffs") and were subject to the collective bargaining agreement ("CBA") between The Kroger Co. and the Teamsters, and the local supplement to the CBA between Kroger Limited

---

[1](...continued)
Because all plaintiffs in Case No. 3:07-CV-14 and Case No. 3:07-CV-663 asserted the same claims based on the same allegations against the same defendants, this court entered an order on May 15, 2008, consolidating Case No. 3:07-CV-663 into Case No. 3:07-CV-14 for all pre-trial matters, including discovery and pre-trial motions and hearings.

Prior to entry of this court's consolidation order, the Kroger Defendants filed motions for summary judgment in both actions (DNs 68, 12). The Kroger Defendants submitted the same memorandum in both actions.

Partnership I and Teamsters Local #89.  Plaintiff Eugene White was the only plaintiff not subject to the CBA.

In a previous Memorandum Opinion, this court noted that Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, preempts state law claims if proof of the state law claim requires interpretation of a collective bargaining agreement.  *Decoe v. Gen'l Motors Corp*, 32 F.3d 212, 216 (6th Cir. 1994). The court determined that proof of Union Plaintiffs' claims for invasion of privacy and intentional infliction of emotional distress against The Kroger Co. would require interpretation the provisions of the CBA.  Accordingly, we concluded that such claims were preempted by Section 301 (DN 54).[2]

Before filing a claim deemed to arise under Section 301, a plaintiff must pursue and exhaust grievance procedures established by the applicable collective bargaining agreement.  *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Terwilliger v. Greyhound Lines, Inc.*, 882 F.2d 1033, 1038-39 (6th Cir. 1989).  If an employee fails to make use of such grievance procedures, defendant employers and employees are entitled to dismissal of such claims.  "[A]n employee [can]not sidestep the grievance machinery provided in the contract and... unless he attempt[s] to utilize the contractual procedures for settling his dispute with his employer, his independent suit against the employer in the District Court [will] be dismissed."  *Terwilliger,* 882 F.2d at 1038-39 (quoting *Hines v. Anchor Motor Freight*, 424 U.S. 554, 563, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976)); *see also Swiegart v. Delmotte*, 1994 WL 724987, at *4-5 (E.D.Pa. 1994) (dismissing employee's claims against employer and supervisor because employee "failed to exhaust, or even attempt to exhaust, the grievance procedures provided in... the CBA").

---

[2] This ruling is applicable to all Union Plaintiffs' claims against The Kroger Co.  Additionally, because Union Plaintiffs were employees of both The Kroger Co. and Kroger Limited Partnership I, and were managed by Fussenegger, this ruling is equally applicable to Union Plaintiffs' invasion of privacy and intentional infliction of emotional distress claims against Kroger Limited Partneship I and Fussenegger.

The CBA in this case contains a mandatory grievance procedure for union members with "complaint[s] over the interpretation or application of [the] Agreement." The grievance procedure provides a multi-step method for addressing employee complaints culminating in a decision by either a two-party committee or arbitrator. Union Plaintiffs do not dispute that they failed to make use of the grievance procedure contained in the CBA. Rather, Union Plaintiffs simply reassert their contention that their claims are not preempted.

Union Plaintiffs argue that the recent Sixth Circuit decision of *Brannum v. Overton County School Board*, 516 F.3d 489 (6th Cir. 2008) supports their contention that proof of their claims does not require interpretation of the CBA. The court disagrees. In *Brannum*, the Sixth Circuit considered the qualified immunity of public school officials in a § 1983 action arising from the non-consensual locker room videotaping of undressed middle school students in violation of their Fourth Amendment rights. The Sixth Circuit held that such video surveillance is inherently intrusive and significantly invaded the students' reasonable expectations of privacy in the locker rooms. *Id.* at 496-97. The Sixth Circuit further held that the right to be free from such video surveillance was clearly established. *Id.* at 499. In its decision, however, the Sixth Circuit did not address federal labor law, Section 301 preemption, interpretation of collective bargaining agreements, or the reasonable privacy expectations of adult union members who had the ability to bargain for and consent to the terms of a collective bargaining agreement. Accordingly, the court does not find that *Brannum* impacts our previous conclusion that Union Plaintiffs' invasion of privacy and intentional infliction of emotional distress claims are preempted by Section 301.

Because Union Plaintiffs failed to make use of the grievance procedure contained in the CBA, Union Plaintiffs claims against the Kroger Defendants for invasion of privacy and intentional infliction of emotional distress must be dismissed. *See Terwilliger*, 882 F.2d at 1038-39; *Swiegart*, 1994 WL

724987, at *4-5. Because Plaintiff Eugene White was not subject to the CBA, his claims against the Kroger Defendants for invasion of privacy and intentional infliction of emotional distress will not be dismissed.

**Negligence Claims**

In a previous Memorandum Opinion considering a motion to dismiss filed by Fussenegger, this court noted that Plaintiffs' claims for negligence and gross negligence, premises liability, and failure to hire, train, and supervise were all based on negligence principles, and that for each of these theories, Plaintiffs sought compensation for their alleged emotional distress (DN 52). The court also noted that under Kentucky law, physical contact or physical injury is generally required in order to recover emotional distress damages. *Deutsch v. Shein*, 597 S.W.2d 141, 145-46 (Ky. 1980) (citing *Morgan v. Hightower's Adm'r*, 163 S.W.2d 21, 22 (Ky. 1942)). The court dismissed Plaintiffs' negligence based claims against Fussenegger because Plaintiffs did not complain of any physical contact or injury, and because their claims did not fit within the recognized exceptions to the general rule (DN 52).

Based on this court's previous ruling, the Kroger Defendants argue that dismissal of Plaintiffs' negligence based claims filed against them is proper. The court agrees. Plaintiffs in this action have not established that they suffered any physical contact or physical injury and have not established that their claims fit within the recognized exceptions to Kentucky's general rule. Accordingly, the negligence and gross negligence, premises liability, and failure to hire, train, and supervise claims filed by all Plaintiffs against the Kroger Defendants will be dismissed.

A separate order will be entered herein this date in accordance with this opinion.