UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD BARBO, et al.                                                                                      PLAINTIFFS

v.                                                                                           CIVIL ACTION NO. 3:07-CV-14

THE KROGER CO., et al.                                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of defendant, Zenith Logistics, Inc. ("Zenith"), for summary judgment.[1]

On December 22, 2006, twenty-one individuals who work in the Louisville-Kroger Distribution Center ("Center") in Jefferson County, Kentucky, filed suit against The Kroger Co., Oscar Fussenegger, and Zenith, for injuries suffered as a result of video surveillance conducted in the men's restroom at the Center. This alleged surveillance was discovered on or about November 11, 2006, and is alleged to have occurred prior to and on that date. These twenty-one plaintiffs (collectively the "Barbo Plaintiffs"), alleged that Zenith owned and operated the Center and, as such, was liable for their injuries. The Barbo Plaintiffs asserted claims for negligence and gross negligence; premises liability; failure to hire, train, and supervise; invasion of privacy; and intentional infliction of emotional distress. This action was removed to this court on January 16, 2007, and given Case No. 3:07-CV-14.

Subsequent to the removal of this action, Zenith moved for summary judgment as to all claims asserted against it by the Barbo Plaintiffs. Zenith contended that it entered into an operating agreement with The Kroger Co. on October 5, 2006, whereby Zenith was to manage the Center, effective November

---

[1]The motion for summary judgment currently before the court was filed in Case No. 3:07-CV-633 (DN 16). Subsequent to the filing of this motion, the court entered an order consolidating Case No. 3:07-CV-633 into Case No. 3:07-CV-14 for all pre-trial matters, including discovery and pre-trial motions and hearings (DN 38). Consequently, this Memorandum Opinion and Order is styled as Case No. 3:07-CV-14.

5, 2006. Zenith, however, asserted that it did not assume control of the Center until February 22, 2007, after the date(s) when the alleged surveillance occurred. Zenith contended that without control of the Center, it could not be liable. Zenith submitted the affidavit of its Chief Financial Officer, James Stadtmiller ("Stadtmiller"), in support of its contentions. The court granted Zenith's motion for summary judgment, holding that without control over the Center's operations or employees until after the date in question, Zenith could not be held liable for any injury to the Barbo Plaintiffs (DN 56).

After the court entered its Memorandum Opinion and Order dismissing the Barbo Plaintiffs' claims against Zenith, the Barbo Plaintiffs filed a motion for reconsideration. In support of their motion for reconsideration, the Barbo Plaintiffs' counsel submitted an affidavit stating that the Barbo Plaintiffs' had not been permitted adequate time for discovery and that discovery was needed regarding Zenith's exercise of control over the Center on or prior to November 11, 2006. The affidavit indicated that the Barbo Plaintiffs could not produce the evidence necessary to rebut the statements made by Stadtmiller in his affidavit regarding Zenith's control of the Center because Zenith and The Kroger Co. were the only entities with knowledge of such matters.

The court denied the Barbo Plaintiffs' motion for reconsideration, concluding that they failed to invoke the procedures available to them under Fed.R.Civ.P. 56(f) in response to Zenith's motion for summary judgment (DN 64).

On November 9, 2007, the Barbo Plaintiffs, along with over 100 additional plaintiffs,[2] filed a new action against Kroger Limited Partnership I and AVC Security, Inc., for injuries arising out of the restroom video surveillance at the Center. The Barbo Plaintiffs and the Adams Plaintiffs asserted the same claims against Kroger Limited Partnership I and AVC Security, Inc. in this new action that the Barbo Plaintiffs asserted against The Kroger Co., Oscar Fussenegger, and Zenith in the previous action.

---

[2] The additional plaintiffs are collectively referred to as the "Adams Plaintiffs"

In addition to their claims against Kroger Limited Partnership I and AVC Security, Inc., the Adams Plaintiffs also asserted claims against The Kroger Co., Oscar Fussenegger, and Zenith.[3] This action was removed to this court on November 30, 2007, and given Case No. 3:07-CV-663.

Because the Barbo Plaintiffs and the Adams Plaintiffs all asserted the same claims based on the same allegations against the same defendants, this court entered an order on May 15, 2008, consolidating Case No. 3:07-CV-663 into Case No. 3:07-CV-14 for all pre-trial matters, including discovery and pre-trial motions and hearings.

Prior to the court's consolidation order, Zenith moved for summary judgment as to the claims filed against it in Case No. 3:07-CV-663 by the Adams Plaintiffs (DN 16). This motion is currently before the court. Zenith again asserts that it is entitled to summary judgment on the basis that it did not assume control of the Center until February 22, 2007, after the date(s) when the alleged surveillance occurred. Zenith has submitted Stadtmiller's affidavit in support of its contention. Zenith also asserts that the Adams Plaintiffs' claims against it are barred by the doctrine of collateral estoppel. In response, counsel for the Adams Plaintiffs has submitted an affidavit detailing the Adams Plaintiffs' need for discovery in order to obtain the evidence necessary to rebut the statements made by Stadtmiller in his affidavit regarding Zenith's control of the Center.

The court finds that the Adams Plaintiffs have properly invoked the procedures available to them under Fed.R.Civ.P. 56(f) in response to Zenith's motion for summary judgment and that the doctrine of collateral estoppel is not applicable. Accordingly, the court will deny Zenith's motion for summary judgment as to the Adams Plaintiffs' claims at this time with leave to reinstate.[4]

---

[3]Only the Adams Plaintiffs asserted claims against The Kroger Co., Oscar Fussenegger, and Zenith in the new action. These claims are identical to the claims asserted against these defendants by the Barbo Plaintiffs.

[4]The court notes that this ruling applies only to the Adams Plaintiffs' claims against Zenith, and has no effect on the court's prior order dismissing the Barbo Plaintiffs' claims against Zenith. The Adams Plaintiffs properly invoked
(continued...)

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Zenith's motion for summary judgment (DN 16) is **DENIED** with leave to reinstate, and the Adams Plaintiffs' claims against Zenith remain viable at this time.  **IT IS FURTHER ORDERED** that this ruling has no effect on the court's previous order dismissing the Barbo Plaintiffs' claims against Zenith.

    **IT IS SO ORDERED** this

---

[4](...continued)
the procedures available to them under Fed.R.Civ.P. 56(f) in response to Zenith's motion for summary judgment while the Barbo Plaintiffs did not.  Consequently, the Adams Plaintiffs claims against Zenith remain viable at this time while the Barbo Plaintiffs' claims do not.