UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD BARBO, et al.                                                                              PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 3:07-CV-14-S

THE KROGER CO., et al.                                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion of defendant, AVC Security, Inc. ("AVC") for summary judgment (DN 88).

The plaintiffs in this action work in the Louisville–Kroger Distribution Center (the "Center") in Jefferson County, Kentucky and have brought suit against AVC; The Kroger Co. ("Kroger"), Kroger Limited Partnership I ("KLP I"), and Oscar Fussenegger ("Fussenegger") (hereinafter collectively, the "Kroger Defendants"); and Zenith Logistics, Inc. ("Zenith") (hereinafter collectively, "Defendants"), for injury suffered from the surveillance of a men's restroom in the Center by video camera. This alleged surveillance was discovered on or about November 11, 2006, and is alleged to have occurred prior to and on that date. Plaintiffs allege that AVC installed and maintained the surveillance cameras at the Center and, as such, is liable for their injuries. Plaintiffs assert claims for negligence and gross negligence; premises liability; failure to hire, train, and supervise; invasion of privacy; and intentional infliction of emotional distress. AVC has now moved for summary judgment.[1]

---

[1] AVC was not originally named as a defendant in Case No. 3:07-CV-14. The original defendants in this action, which was removed to this court on January 16, 2007, were Kroger, Fussenegger, and Zenith. Twenty-one (21) plaintiffs (the "Barbo Plaintiffs") filed suit against these defendants in this action.
 The Barbo Plaintiffs, along with over one hundred (100) additional plaintiffs (the "Adams Plaintiffs"), later filed an action against AVC and KLP I, asserting claims against these
(continued . . .)

AVC asserts that it is entitled to summary judgment on the basis that it has no relationship to the surveillance camera which was allegedly installed in the bathroom at the Center. AVC has submitted the affidavit of AVC President Linda Hillenbrand ("Hillenbrand") in support of its contention. Hillenbrand has sworn that while AVC has installed numerous Commercial CCTV Surveillance cameras at the Center, it only has placed cameras in work areas and not in any bathroom at the Center. *AVC's Motion for Summary Judgment*, Exhibit 1, Affidavit of Linda Hillenbrand, ¶¶ 2-4. Hillenbrand has reviewed pictures of the camera allegedly installed in the bathroom and has sworn that it is not a type used by AVC. *Id.* at ¶ 5. Hillenbrand has sworn that AVC was not aware of the existence of the alleged camera, and if the camera was in fact installed, it was installed by someone other than AVC. *Id.* at ¶¶ 7-8. Hillenbrand further has sworn that AVC never received or reviewed any footage shot by the camera (if it even had the capacity to store images) and did not have the ability to remotely monitor any of the cameras that it did install at the Center. *Id.* at ¶¶ 9-10.

In response to AVC's motion for summary judgment, Plaintiffs' counsel has submitted a declaration stating that the court has not scheduled a Rule 16 conference in this action[2] and Plaintiffs have not been permitted adequate time for discovery, which is needed regarding whether AVC

---

(. . . continued)
defendants that were identical to those asserted against the defendants in Case No. 3:07-CV-14. This subsequently filed action was removed to this court on November 30, 2007, and styled as Case No. 3:07-CV-663. In addition to asserting claims against AVC and KLP I in this subsequently filed action, the Adams Plaintiffs also asserted claims against Kroger, Fussenegger, and Zenith.

Because all plaintiffs in Case No. 3:07-CV-14 and Case No. 3:07-CV-663 asserted the same claims based on the same allegations against the same defendants, this court entered an order on May 15, 2008, consolidating Case No. 3:07-CV-663 into Case No. 3:07-CV-14 for all pre-trial matters, including discovery and pre-trial motions and hearings.

[2]Since the filing of Plaintiffs' response, the court conducted a scheduling conference with counsel and Magistrate Judge Dave Whalin on November 6, 2008. Deadlines for discovery issues were established with which the parties now are expected to comply.

installed the camera in the men's bathroom and/or AVC's equipment was knowingly used to conduct hidden surveillance of the men's bathroom. *Plaintiffs' Response to AVC's Motion for Summary Judgment*, Exhibit 1, Declaration of Lea A. Player, ¶ 6. The declaration indicates that Plaintiffs could not produce the evidence necessary to rebut the statements made by Hillenbrand in her affidavit because without discovery Plaintiffs have no means to test and address Hillenbrand's statements. *Id.* at ¶¶ 4-5.

The court will deny AVC's motion for summary judgment at this time with leave to reinstate.

For the above reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that AVC's motion for summary judgment (DN 88) is **DENIED** with leave to reinstate, and Plaintiffs' claims against AVC remain viable at this time.

**IT IS SO ORDERED.**